UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JOB BRITTON,

v.	Case No.	8:00-cr-409-T-24MSS
		8:06-cv-81-T-24MSS

UNITED STATES OF AMERICA.

_____/

**ORDER**

This cause is before the Court on Defendant Michael Job Britton's untimely motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-30). Britton signed the motion to vacate on January 6, 2006.

BACKGROUND

Britton pled guilty to Counts One, Two, and Four of the Indictment. Count One charged Britton with distribution of fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Count Two charged Britton with possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Count Four charged Britton with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

After a change of plea hearing before the United States Magistrate Judge (Doc. cr-16, 19) the undersigned United States District Judge accepted the plea on January 30, 2002. (Doc. cr-20).

On April 5, 2002, the Court sentenced Britton "to be imprisoned for a total term of

TWO HUNDRED AND SIXTY-TWO (262) MONTHS as to Counts One, Two and Four of the Indictment, to run concurrent to each other." (Doc. cr-24) The judgment was signed on April 5, 2002. (Doc. cr-24). Britton did not appeal the conviction or sentence.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Britton's conviction became final on April 15, 2002, when the time for filing a direct appeal had passed; thus, he had until April 15, 2003, to file a timely section

2255 motion. See <u>Adams v. United States</u>, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Britton did not file his motion to vacate until January 2006, and the motion to vacate is time-barred.

Britton has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Britton's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-30) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Britton in the civil case and to close that case.

ORDERED at Tampa, Florida, on January 18, 2006.

SUSAN C. BUCKLEW
United States District Judge

AUSA: Donald L. Hansen

Pro se: Michael Job Britton